IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RUN FENG ZHEN, ) | |
|     Petitioner, ) | |
| v. ) | CIV 07-01641 PHX EHC (MEA) |
| KATRINA KANE, BRUNO STOLC, ) | REPORT AND RECOMMENDATION |
|     Respondents. ) | |

**TO THE HONORABLE EARL H. CARROLL:**

    Mr. Run Feng Zhen ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 42 U.S.C. § 2241 on August 24, 2007, asserting his continued detention by Respondent pending his removal to China violated United States law and his constitutional rights. At that time, Petitioner was confined in Respondents' custody at the INS Processing Center in Florence, Arizona. Respondents filed a Response in Opposition to Petition for Writ of Habeas (Docket No. 9) on November 15, 2007, and also filed a Suggestion of Mootness on November 29, 2007, asserting the petition for relief is now moot because Petitioner has been released from detention. See Docket No. 10.

    **1.  Procedural History**

    Petitioner is a native and citizen of China. Answer, Exh. 1. Petitioner entered the United States as a legal immigrant on or about September 21, 1989. Id., Exh. 2. On or

about November 21, 2006, the Department of Homeland Security issued a Notice to Appear, charging Petitioner was removable from the United States. Id., Exh. 4. The Notice to Appear alleged Petitioner was an alien who had been convicted of an aggravated felony as that term is defined in 18 U.S.C. XXXX (a)(43)(F), i.e., Petitioner was convicted of a crime of violence for which the term of imprisonment imposed was at least one year. Id., Exh. 4.

After a hearing before an Immigration Judge ("IJ"), the IJ sustained the allegations in the Notice to Appear and found Petitioner was removable. Id., Exh. 6 & Exh. 7. On or about February 21, 2007, the IJ ordered Petitioner be removed from the United States to China. id., Exh. 6. Petitioner sought relief from removal and a waiver of removability on various grounds, which were denied. Id., Exh. 6 & Exh. 7. Petitioner did not appeal the order of removal or the denial of relief from removal. See Petition, Attach.

On or about February 28, 2007, the Department of Homeland Security sought travel documents for Petitioner from the People's Republic of China. Answer, Exh. 8. On or about March 28, 2007, the People's Republic of China requested that Petitioner be released from custody on humanitarian grounds. Id., Exh. 9. The request was denied on or about August 20, 2007. See id., Exh. 15.

On or about June 25, 2007, Petitioner was notified that a hearing regarding his continued custody by Respondents would be conducted on July 22, 2007. Id., Exh. 13. Petitioner sought an immediate review of his custody. Id., Exh. 14. On August

1  20, 2007, Petitioner was notified that Respondents had decided
2  to continue detaining Petitioner.  <u>Id.</u>, Exh. 16.  Petitioner
3  appealed the decision to continue his detention by filing a
4  Notice of Appeal with the Department of Homeland Security on
5  August 25, 2007.  <u>Id.</u>, Exh. 17.

6        In his habeas petition, Petitioner asserts his
7  detention beyond the six-month removal period stated by federal
8  statutes violates his federal rights.  Petitioner also asserts
9  a double-jeopardy claim stated as a claim that his continued
10 detention constitutes cruel and unusual punishment, i.e.,
11 Petitioner asserts that he is again being punished for his state
12 crime in addition to having served a criminal sentence.

13     **2.  <u>Analysis</u>**

14       Respondents present evidence to the Court that
15 Petitioner was released from detention under an order of
16 supervision and that Petitioner now resides with his father in
17 California.  <u>See</u> Docket No. 10, Attach.  The order of release
18 was signed by Petitioner on November 26, 2007.  <u>See</u> <u>id.</u>, Attach.
19 Petitioner was to appear before an ICE officer on December 4,
20 2007.  <u>See</u> <u>id.</u>, Attach.

21       Because the petition for habeas relief attacks only
22 Petitioner's continued detention, the petition is now moot.  The
23 case-or-controversy requirement of Article III, § 2, of the
24 United States Constitution "subsists through all stages of
25 federal judicial proceedings ... The parties must continue to
26 have a personal stake in the outcome of the lawsuit."  <u>Lewis v.
27 Continental Bank Corp.</u>, 494 U.S. 472, 477-78, 110 S. Ct. 1249,
28 1253-54 (1990) (internal quotations omitted).  If it appears

that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).

The relief that Petitioner requested in his habeas petition, i.e., his release from continued and potentially indefinite detention, can no longer be granted by the Court. Therefore, this habeas action, alleging Petitioner's continued detention violates federal law and his constitutional rights, is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007); Picrin-Peron, 930 F.2d at 775; Ferry v. Gonzales, 457 F.3d 1117, 1132 (10th Cir. 2006); Soliman v. United States, 296 F.3d 1237, 1243 (11th Cir. 2002).

### 3. Conclusion

The Petition for Writ of Habeas Corpus is moot because the petition challenges only the legitimacy of Petitioner's continued detention and Petitioner has now been released from detention. There is no existing case or controversy over which this Court may exercise jurisdiction and, therefore, this case is moot.

**IT IS THEREFORE RECOMMENDED** that Mr. Feng Zhen's Petition for Writ of Habeas Corpus be **dismissed with prejudice as moot.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 20th day of December, 2007.

_____
Mark E. Aspey
United States Magistrate Judge